Hon. Frank A. Hall Director New York State Executive Department Division for Youth
This is in response to your request for our opinion as to whether the provisions of section 720(3) of the Family Court Act preclude a family court judge from placing a "person in need of supervision" (PINS) in a secure detention facility in a county within which certified adequate non-secure detention facilities exist.
Section 720 (3) of the Family Court Act provides in pertinent part:
 "Where the director of the state division for youth certifies that a county has available conveniently accessible and adequate non-secure detention facilities in conformance with the requirements of subdivision B of section two hundred eighteen-a of the county law or that the city of New York has available conveniently accessible and adequate non-secure detention facilities, a child alleged or adjudicated as a person in need of supervision may not be placed by that county or the city of New York in a secure detention facility, effective six months from the date of said certification. * * *".
You state in your request that county officials and members of the judiciary have questioned whether the prohibition contained in the quoted statute applies to a family court judge.
According to the legislative memoranda accompanying the enactment of section 720 (3), the purpose of the section is to insure continued Federal funding to the State under the provisions of the Juvenile Justice and Delinquency Prevention Act of 1974, which require that all alleged or adjudicated PINS be phased out of secure detention facilities by 1980. Additionally, non-secure detention is considered to be less costly and more appropriate than secure detention for status offenders. (See McKinney's Session Laws of New York, 1978, p 1736 and New York State Legislative Annual, 1978, p 318).
In order to comply with the Federal Act, which requires the complete removal of all PINS from secure detention facilities, the Legislature must have intended a total prohibition on the placement of PINS in such facilities, wherever feasible. Therefore, when the Legislature provided in section 720 (3) that a PINS may not be placed in a secure detention facility by a "county" or "the City of New York", it intended to include family court judges within that prohibition. It is proper to avoid a strict interpretation of statutory language and apply that interpretation which best effectuates the intent of the Legislature (McKinney's Statutes § 111; Banker's Association v Albright, 38 N.Y.2d 430, 436 [1975]).
This conclusion is consistent with the reasoning expressed in Matter ofCindy Freeman, 103 Misc.2d 649 (Family Court, Onondaga County, 1980), which discusses the legislative intent expressed in section 720 (3) of protecting New York State's eligibility to receive Federal funding. In order to implement that legislative intent, the Family Court in Freeman
held that an alleged PINS who is held in a non-secure agency boarding home is not in "detention" for purposes of the criminal escape provisions of the Penal Law. The Court felt that any other interpretation would jeopardize Federal funding.
Moreover, this interpretation coincides with County Law, § 218-a
(B), to which section 720 (3) refers and which requires each county to provide adequate non-secure detention facilities as resources for the family court in the county for the temporary care of alleged juvenile delinquents and PINS.
Section 720 (3) and the County Law section, supra, taken together, strongly support a conclusion that the Legislature intended to require that each county provide non-secure detention facilities to be available to the family court of that county for the placement of PINS and that PINS be placed in such facilities. (See also, N Y City Charter, ch 28, § 667 [a], which requires the Commissioner of Juvenile Justice of New York City to provide secure and non-secure facilities for the temporary care of children held at the direction of the Family Court.)
We conclude that the provisions of section 720 (3) of the Family Court Act preclude a family court judge from placing a "person in need of supervision" in a secure detention facility in a county within which the Division for Youth has certified that adequate non-secure detention facilities exist. In reaching this conclusion, we have limited our review to the interpretation to be given section 720 (3) and have not considered any other issues involving the powers of family court judges in regard to the detention or placement of PINS or juvenile delinquents.